UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INT'L REFUGEE ASSISTANCE PROJ., Inc.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP & IMMIG'R SERV.,<br><br>Defendants. | Civil Action No. 23-3664 (RCL) |

## MOTION TO STAY

The United States Citizenship and Immigration Services ("Defendant" or "USCIS"), by and through undersigned counsel, respectfully moves to stay the date for submission of Defendant's *Vaughn* index with a supporting dispositive motion until July 9, 2024, at which time Defendant would be prepared to file a Status Report apprizing the Court its processing and release of records. The grounds for this motion are as follows.

1. Plaintiff commenced this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), "challeng[ing] Defendant's actions with respect to four [United States Refugee Admissions Program] File Requests." *See generally* ECF No. 1. Defendant answered. *See* ECF No. 14. Subsequently, the Court directed "the government to file the [*Vaughn*] index and supporting motion within 30 days." *See* Min. Order. It is this deadline that Defendant seeks to stay until July 9, 2024.

2. Until this afternoon, Plaintiff had led the undersigned to believe that the parties would be filing a Joint Status Report ("JSR") proposing a schedule for further proceeding in this action in lieu of Defendant's submissions that are due today. On March 20, 2024, the undersigned sent Plaintiff's counsel an email stating that the Government "agree[s] that a *Vaughn* and

dispositive briefing are premature at this time and would propose that we file a JSR in lieu of the Court's request." Plaintiff never expressed a disagreement with the Government's statement. The parties exchanged several emails discussing filing a JSR and proposing several iterations of schedules and Plaintiff's counsel never once objected to filing a JSR.

3. Even after the undersigned sent him a proposed JSR early this afternoon, Plaintiff's counsel did not object to the parties filing a JSR, but attempted to force Plaintiff's preferred schedule. Because the parties were unable to agree on a schedule – divided by roughly one month – Plaintiff's counsel for the first time after the close of business today reported that there had been a "misunderstanding." There was no misunderstanding. Plaintiff's counsel waited until after the close of business today to express any objection for the first time.

4. During their discussions, the parties agreed that it would not make sense for Defendant to file a *Vaughn* and/or supporting records prior to the completion of processing and the release of records. In fact, the parties had proposed competing processing and release schedules separated by a difference of one month. The parties also agreed to file JSRs on the status of processing and releases and briefing if they were unable to resolve their differences amicably.

5. Plaintiff proposed that USCIS will complete processing and release of records responsive to Request Nos. NRC2022194242, NRC2023241385 & NRC2023292140 by April 30, 2024, excluding records that require consultations with other agencies that have equities in those records and Request No. COW20230006264 in the same manner as the foregoing no later than May 31, 2024.

6. Defendant proposed that it will complete processing and release of records responsive to Request Nos. NRC2022194242, NRC2023241385 & NRC2023292140 by May 22, 2024, excluding records that require consultations with other agencies that have equities in those

records and Request No. COW20230006264 in the same manner as the foregoing no later than June 28, 2024.

7. Even though the parties had even discussed competing briefing schedules, it now appears that they believe that even that is premature at this time and that it would be more prudent to complete processing and releases before filing a JSR apprizing the Court. The parties also agree that there should be some time between the final release(s) and briefing to allow the parties some time to narrow or eliminate their differences.

8. Thus, the only issue here is the roughly one-month time needed for processing. FOIA processing is inherently unpredictable and USCIS is rightly resistant to committing to a processing and release schedule that it cannot meet only to have to return to the Court for relief if the parties are unable to resolve that issue when it arises. Furthermore, Defendant anticipates that it will be reporting the completion of processing and release of records no later than July 9, 2024. Plaintiff is free to confer with Defendant about releases as the records are received.

9. The Court has the discretion to stay civil proceedings in the interest of justice and "in the light of the particular circumstances of the case." *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980); *see also Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 72 (D.D.C. 2015) (A court has broad discretion to control its own docket, including preliminary scheduling, discovery, and briefing). In light of the particular circumstances of this case, it is appropriate for the Court to exercise its discretion to grant Defendant's request for a stay.

10. Pursuant to LCvR 7(m), Defendant conferred with Plaintiff's counsel who consented to this request, but only on the timeline that Plaintiff proposed set forth above. Plaintiff's counsel does not consent to Defendant's timeline.

WHEREFORE, Defendant respectfully requests that the Court stay the deadline to submit its *Vaughn* and supporting documents until July 9, 2024, at which time Defendant shall file a status report setting forth progress in the processing and release of records. A proposed order is enclosed herewith.

Dated: April 1, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/_____
    KENNETH ADEBONOJO
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202)252-2562

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INT'L REFUGEE ASSISTANCE PROJ., Inc.,

    Plaintiff,

  v.

UNITED STATES CITIZENSHIP &
IMMIG'R SERV.,

    Defendants.

Civil Action No. 23-3664 (RCL)

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's motion to stay briefing, and for good cause shown and the entire record herein, it is hereby

ORDERED that Defendants' consent motion is GRANTED; and it is further

ORDERED that this case is hereby stayed until July 9, 2024, at which time Defendant shall file a status report on the progress or completion of records.

SO ORDERED:

_____           _____
Dated                                                                    ROYCE C. LAMBERTH
                                                                                                  United States District Judge